IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CASSANDRA PASSMORE, | |
| Plaintiff, | CIVIL ACTION NO.: 2:19-cv-59 |
| v. | |
| TRAVELERS CASUALTY AND SURETY COMPANY, | |
| Defendant. | |

**O R D E R**

This matter is before the Court on Defendant's Objection to Trial Exhibits. Doc. 61. In its Objections, Defendant asks this Court to exclude certain exhibits and to require Plaintiff to furnish some exhibits which were not sufficiently identified. Id. at 1–4. Plaintiff has not responded to Defendant's Objections and the time to do so has expired. For the reasons which follow, the Court **SUSTAINS** the following portions of Defendant's Objections.[1]

Along with the instant Objections, Defendant filed several motions in limine seeking to exclude various exhibits and evidence. Docs. 63–69. The Court granted the motions at Docket Numbers 63–67 and 69 in their entirety. Doc. 90. However, the Court denied Defendant's motion in limine at Docket Number 68, seeking to exclude lay witnesses from providing testimony regarding causation of mold or rot damages. Id. There is significant overlap between

---

[1] In its Objections filed on December 8, 2020, Defendant objected to Exhibits 7 and 8. Doc. 61. Defendant initially objected to Exhibit 7 because it contained post-loss correspondence and discussion of policy nonrenewal. Id. at 3. However, on April 12, 2021, Defendant requested leave to file supplemental objections to Exhibits 7 and 8, which the Court granted. Defendant then filed its motion in limine concerning Exhibits 7 and 8 on April 16, 2021. Doc. 91. Accordingly, an Order on Exhibits 7 and 8 will be forthcoming, and admissibility of those Exhibits will not be addressed in this Order.

several of the motions in limine and Defendant's Objections, such that the Court's ruling on the motions in limine dictates many of its rulings on Defendant's Objection to Trial Exhibits.

**Plaintiff's Exhibit 1.**  Defendant objects to Plaintiff's exhibit number 1, which is a bad faith demand letter.  Doc. 61.  Because the Court has already concluded Plaintiff is not permitted to pursue bad faith penalties, doc. 90 at 4, the Court **SUSTAINS** Defendant's objection.  Plaintiff is not permitted to rely on exhibit number 1 at trial.

**Plaintiff's Exhibits 6 and 11.**  Defendant objects to Plaintiff's exhibit numbers 6 and 11, which relate to policy cancellation or nonrenewal.  According to Defendant, Plaintiff's exhibit 6 is a notice of non-renewal dated October 15, 2019, and exhibit 11 is post-loss correspondence, identified as Records of Heard Galis Insurance Agency.  Defendant sought to exclude evidence related to policy renewal in its motion in limine at Docket Number 66.  The Court has granted that motion.  Doc. 90 at 6–7.  Accordingly, because Plaintiff is not permitted to offer evidence of nonrenewal at trial, the Court **SUSTAINS** Defendant's objection to Plaintiff's exhibits numbered 6 and 11.  Plaintiff is not permitted to rely on exhibits numbered 6 and 11 as identified in this Order at trial.

**Plaintiff's Exhibit 9.**  Defendant objects to Plaintiff's exhibit number 9, an Offer of Settlement.  Defendant seeks the same relief in this objection that Defendant moved for and was granted in its motion in limine at Docket Number 67.  See Doc. 90 at 8–9.  Thus, the Court **SUSTAINS** Defendant's objection to exhibit number 9; Plaintiff is not permitted to rely on exhibit 9 at trial.

**Plaintiff's Exhibit 4.**  Defendant objects to a portion of Plaintiff's exhibit number 4 ("Proposal from Capitol City Developers to the Plaintiff" or the "Proposal")—namely, the portion of the Proposal that provides an estimate on the cost of the roof repairs.  Defendant

argues Wilfred Atwater, the handyman and witness who prepared the Proposal, testified he does not have the authority to determine the cost of repairs.  Doc. 61 at 2.  Plaintiff did not respond to Defendant's Objection.

Defendant's motion in limine at Docket Number 69 dealt with a related, but slightly different, issue: exclusion of hearsay evidence regarding the cost of roof repairs and replacement.  Defendant's motion in limine arose in part because Mr. Atwater's Proposal provided an estimate for the cost of roof repair or replacement, which was, potentially, based on an estimate from KM Homebuilders.  The Court previously noted the KM Homebuilders' estimate might be admissible under the business-records exception to the hearsay rule.  See Doc. 37 at 27 n.4.  However, in her response to Defendant's motion in limine, doc. 73, Plaintiff explained Mr. Atwater's testimony would not be based on the KM Homebuilder's roofing estimate, but would instead be based on his own competence.  The Court granted Defendant's motion in limine and ordered that Mr. Atwater cannot offer his own opinion at trial about the cost of those repairs.  Doc. 90 at 15–19.  Considering Defendant's unopposed objection to this specific portion of Plaintiff's exhibit 4, along with the Court's prior ruling on Defendant's motion in limine concerning Mr. Atwater's opinions, the Court must presume Mr. Atwater did not rely on the KM Homebuilder estimate for determining the cost of roof repairs in his Proposal, and there is no other permissible basis for Mr. Atwater to offer testimony about the cost of such repairs.  Therefore, the Court **SUSTAINS** Defendant's Objection.  Plaintiff is prohibited from relying on the portion of the Proposal that relates to roof repair costs.[2]

---

[2] If, however, Plaintiff argues Mr. Atwater incorporated the KM Homebuilder's estimate into his Proposal, the Court will need to revisit the business-records exception and determine (a) whether Plaintiff has waived that argument now, and (b) whether the requirements of the business-records exception have been met.

3

**Plaintiff's Exhibits 3, 8, and 10.**  For objections to Plaintiff exhibit numbers 3, 8, and 10, Defendant states Plaintiff failed to sufficiently identify the exhibits, referred to as Exhibits P-3, P-8, and P-10, respectively, to allow for objections.[3]  Doc. 61 at 1–4.  Regarding these exhibits, Defendant asks the Court to order Plaintiff produce these exhibits for review.  Plaintiff did not respond to Defendant's objections.  However, Defendant submitted a motion in limine with Exhibit P-8 attached on April 16, 2021.[4]  Doc. 91.  Thus, the Court **DENIES as moot** Defendant's objection to Exhibit P-8 related to indefiniteness or non-production.  However, the Court **SUSTAINS** Defendant's objections to Plaintiff's exhibit numbers 3 and 10.  Plaintiff is **ORDERED** to produce Exhibits P-3 and P-10 within 3 days of this Order, if she has not already done so.  Further, Defendant is **ORDERED** to file any objections to Exhibits P-3 and P-10 within 7 days of this Order.

**SO ORDERED**, this 19th day of April, 2021.

*/s/ B. Cheesbro*

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Court notes Defendant does not object to exhibits numbered 2 and 5.  Doc. 61 at 1–2.

[4] It may be Plaintiff has now produced all of these disputed exhibits to Defendant.