IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CASSANDRA PASSMORE,

    Plaintiff,

v.

TRAVELERS CASUALTY AND SURETY COMPANY,

    Defendant.

CIVIL ACTION NO.: 2:19-cv-59

**O R D E R**

This matter is before the Court on Defendant's Motion in Limine Seeking to Exclude Evidence at Trial That was not Properly Produced by Plaintiff During Discovery, to which Plaintiff filed a Response.  Docs. 91, 93.  In its Motion, Defendant asks this Court to exclude Exhibits 7 and 8.  Exhibit 7 is a letter from Plaintiff to Defendant inquiring about Defendant's decision to not renew Plaintiff's insurance policy.  Doc. 91-2.  Exhibit 8 is a certified mail receipt purportedly for the letter, which is addressed to Traveler's Casualty & Surety Company, P.O. Box 430, Buffalo, NY 14240-0430 and dated as received on October 25, 2018.  Doc. 91-3.  Defendant moves to exclude these exhibits because Plaintiff failed to produce these documents in discovery and because they are not relevant.  Doc. 91-1.

Plaintiff opposes Defendant's Motion.  Doc. 93.  Plaintiff explains the letter and certified mail receipt were not produced in discovery because Plaintiff sent it to Defendant, and, therefore, Defendant always had access to the letter.  Id. at 1–2.  Plaintiff does not address Defendant's arguments relating to relevancy.  Further, Plaintiff objects to the Court's grant of leave for Defendant to file supplemental objections.  Id. at 2.

At the outset, the Court addresses Plaintiff's contention the Court should not have granted Defendant leave to file supplemental objections. Plaintiff argues because Defendant had access to the exhibit list, it should have brought the objections earlier. Doc. 93 at 2.

Prior to the pretrial conference, on December 9, 2020, Plaintiff filed objections to trial exhibits. Doc. 61. In that filing, Defendant objected to Plaintiff's Exhibit 7, arguing post-loss correspondence and non-renewal of the policy is not relevant to the breach of contract claim at issue and even if relevant, its prejudicial nature outweighs any probative value. Id. at 3. Further, Defendant objected to Exhibit 8 because it could not identify the exhibit as it was described. Id. Plaintiff did not file a response to Defendant's objections. However, on April 12, 2021, Defendant filed a motion for leave to file supplemental objections and requested leave of Court to file additional objections to Exhibits 7 and 8. Doc. 84. In its motion for leave, Defendant explained it had not received copies of the exhibits when it filed its initial objections and motions in limine. Id. at 2. Specifically, it explained it received Exhibits 7 and 8 in March 2021, but based on its review of those exhibits, they were not previously produced in discovery. Id. at 3. The Court granted Defendant's motion for leave based on its recent receipt of Exhibits 7 and 8.[1]

Contrary to Plaintiff's contention, Defendant brought timely objections to Exhibits 7 and 8, shortly after the receipt of Plaintiff's exhibit list and prior to the Court's pretrial conference. Doc. 61. Those objections and the instant Motion before the Court both oppose Exhibit 7, the post-loss correspondence letter, on the basis it is not relevant and because any probative value is substantially outweighed by danger of prejudice, confusion, and misleading jury. Compare Doc. 61 at 3 with Doc. 91 at 1, 5. However, upon receipt of Exhibits 7 and 8, Defendant

---

[1] On April 19, 2021, the Court issued an Order on Defendant's objections to trial exhibits. Doc. 92. In that Order, the Court acknowledged it had granted Defendant's motion requesting permission to file supplemental objections to Exhibits 7 and 8, and thus, declined to address those exhibits in that Order.

determined another possible ground for objection—that Exhibits 7 and 8 were not previously disclosed.

Thus, Defendant's motion for leave was not inappropriately granted, as it was timely filed upon it receiving and reviewing copies of the exhibits, which it had not previously been provided to. Accordingly, the Court now turns to Defendant's arguments for excluding Exhibits 7 and 8.

**I.   Whether the Exhibits Should Have Been Produced in Discovery**

Defendant first moves to exclude Exhibits 7 and 8 because Plaintiff failed to produce these exhibits in discovery. Doc. 91-1 at 2 (citing Fed. R. Civ. P. 37). Defendant argues Plaintiff failed to turn over these documents until well after the close of discovery and her failure cannot be considered substantially justified or harmless. Specifically, Defendant argues the late production of these documents prevents Defendant from conducting discovery into the nature, origin, connection, or other matters related to the exhibits. Id. at 3. Defendant also complains Plaintiff sent the letter in Exhibit 7 approximately six months after litigation was initiated but did not send it to Defendant's counsel. Moreover, Defendant argues the exhibits should be excluded because Plaintiff never disclosed Exhibits 7 and 8 in a supplemental discovery disclosure, which she was required to do under the Federal Rules of Civil Procedure. Id. at 4–5.

Plaintiff filed a Response, in which she contends Defendant had access to the letter from the time it was delivered on October 25, 2018, because it was sent to Defendant. Doc. 93 at 1. Plaintiff explains Exhibit 7 was sent in response to Defendant's notice of non-renewal and to the address Defendant utilized when corresponding with her and where Defendant directed Plaintiff

to send correspondence.² Moreover, Plaintiff argues she did not send Exhibit 7 to Defendant's counsel because Defendant did not send the notice of non-renewal to her counsel.

The record before the Court on Plaintiff's purported failure to supplement her discovery with Exhibits 7 and 8 is not sufficiently developed for the Court to resolve the issue. First, Defendant failed to include any discovery requests to which Exhibits 7 and 8 should have been produced in response. Further, the current record contains very few details about the circumstances of communications between Plaintiff and Defendant after litigation began and without the involvement of counsel. Defendant speculates Plaintiff was trying to circumvent the litigation process but provides no support for that allegation. Doc. 91-1 at 2. Plaintiff, on the other hand, explains she received a notice of non-renewal directly, instead of through counsel, and was directed to send communication regarding non-renewal to Defendant at its Buffalo, New York address. Doc. 93 at 1–2. But Plaintiff has not provided the notice of non-renewal to the Court, nor has she provided copies of any communication from Defendant directing her to send communication to the address she utilized—Defendant's Post Office box in Buffalo, New York.

These gaps in the record make it impossible to determine whether Plaintiff was required to produce Exhibits 7 and 8 as part of her supplemental disclosures during discovery and, if so, whether her failure to produce Exhibits 7 and 8 was harmless or substantially justified. Thus, the Court makes no findings or determinations regarding whether Exhibits 7 and 8 should be excluded under Federal Rule of Civil Procedure 37. However, as explained below, Plaintiff's Exhibits 7 and 8 are due to be excluded under Federal Rules of Evidence 401 and 403.

---

²     Plaintiff identifies the notice of non-renewal as Exhibit P-6. See Doc. 59-2 at 1 (describing Exhibit P-6 as a notice of non-renewal). The purported notice of non-renewal is not in the record before the Court, and the Court has already sustained Defendant's objection to Exhibit P-6. Doc. 92 at 2.

4

**II.     Whether Exhibits 7 and 8 Should be Excluded Under Rules 401 and 403**

Defendant also moves to exclude Exhibits 7 and 8 because they relate to post-loss non-renewal of the insurance policy.  Doc. 91-1 at 8.  Defendant argues these exhibits fail to meet to relevance test provided by Federal Rule of Evidence 401 and additionally, Exhibits 7 and 8 should be excluded under Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice.  Plaintiff offered no response to Defendant's arguments on relevancy or prejudice.[3]

Defendant previously raised similar issues in its objections to trial exhibits and motion in limine seeking to exclude evidence of policy cancellation or nonrenewal after loss.  Docs. 61, 66.  In the Court's April 19, 2021 Order, it declined to address the admissibility of Exhibits 7 and 8, as Defendant's motion for leave to file supplemental objections had already been granted.  Doc. 92.  However, in the Court's April 16, 2021 Order, it addressed Defendant's motion seeking to exclude evidence of policy cancellation or non-renewal after the loss.  Doc. 90 at 6–7.  The Court granted Defendant's motion, finding any evidence related to non-renewal of Plaintiff's policy should be excluded under Federal Rules of Evidence 401 or 403.  Id. at 7.

Here, Plaintiff describes Exhibit 7 as "Plaintiff's letter requesting an explanation of Notice of Non-renewal."  Doc. 59-2 at 1.  Further, Defendant provided Exhibit 7 to the Court.  In Exhibit 7, Plaintiff requests Defendant provide evidence and explanation supporting its decision not to renew her insurance policy.  Doc. 91-2 at 1 ("I also want a written statement of the specific items of information which support the actions of Travelers to not renew my coverage . . . .").  Moreover, in her Response to Defendant's instant Motion, Plaintiff explains Exhibit 7 is a

---

[3]     This is the second time Defendant has raised the issue of relevance of cancellation or non-renewal evidence and the second time Plaintiff has failed to respond to the merits of that argument.  See Docs. 66, 70.

5

"request for an explanation of reasons for the Non-renewal." Doc. 93 at 1. Plaintiff has provided no other explanation as to the significance or relevance of the letter. Finally, Plaintiff still has not addressed any argument regarding relevancy of post-loss correspondence under Federal Rule of Evidence 401 or explained why it should not be barred by Rule 403.

Because Exhibit 7 pertains to the issue of post-loss non-renewal, it should be excluded under Federal Rules of Evidence 401 and 403 for the same reasons as set forth in the Court's April 16, 2021 Order. Doc. 90 at 6–7. Exhibit 8 is merely a certified mail receipt for Exhibit 7, without any independent factual or legal significant, and is, therefore, also due to be excluded. Accordingly, I **GRANT** Defendant's Motion in Limine Seeking to Exclude Evidence at Trial That was not Properly Produced by Plaintiff During Discovery. Doc. 91. Plaintiff is prohibited from using Exhibits 7 and 8 at trial.

**SO ORDERED**, this 27th day of April, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA