# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| CASSANDRA PASSMORE, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:19-cv-59 |
| | * | |
| v. | * | |
| | * | |
| TRAVELERS CAUSALTY AND SURETY COMPANY, | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

Before the Court is Plaintiff's Appeal of the Magistrate Judge's Order dated April 27, 2021. Dkt Nos. 106, 107. In that Order, the Magistrate Judge granted Defendant's motion in limine seeking to exclude evidence at trial that was not properly produced by Plaintiff during discovery. Dkt. No. 99. Specifically, the Magistrate Judge prohibited Plaintiff from using Exhibits 7 and 8 at trial.[1]

When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is

---

[1] Exhibit 7 is a letter from Plaintiff to Defendant inquiring about Defendant's decision to not renew Plaintiff's insurance policy. Dkt. No. 91-2. Exhibit 8 is a certified mail receipt purportedly for the letter. Dkt. No. 91-3. Both exhibits relate to post-loss correspondence and policy non-renewal.

contrary to law." Fed. R. Civ. P. 72(a). Otherwise, the magistrate judge's ruling stands. "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, No. 4:12-CV-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, No. CIVA 07-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).

Plaintiff argues the Magistrate Judge improperly excluded Exhibits 7 and 8 because Plaintiff did not adequately disclose the documents to Defendant. Dkt. No. 106 at 1-2. Plaintiff is incorrect about the basis of the Magistrate Judge's ruling. Although Defendant raised disclosure timing as a basis for exclusion, the Magistrate Judge expressly declined to address this basis due to insufficiency of the record. Dkt. No. 99 at 4. Instead, the Magistrate Judge addressed Defendant's alternative argument that Exhibits 7 and 8 should be excluded under Federal Rules of Evidence 401 and 403.

Defendant raised the Rule 401 and Rule 403 arguments in previous objections to Exhibits 7 and 8, as well as its motion in limine seeking to exclude evidence at trial that was not properly

2

produced by Plaintiff during discovery. See Dkt. No. 91-1 at 8; Dkt. Nos. 61, 66. Plaintiff failed to address these arguments in her response to Defendant's motion or in her response to Defendant's objections. Dkt. No. 99 at 5-6, n.3. Indeed, the Magistrate Judge observed Plaintiff failed to respond to Defendant's relevancy argument twice. Id.

Although Plaintiff addresses relevancy under Rule 401 now, the Court need not consider Plaintiff's newly raised arguments, as she twice failed to present any such argument in her briefing to the Magistrate Judge. See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009) (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so). For this reason alone, Plaintiff's objections to the Magistrate Judge's ruling would be overruled.

Even if the Court were to consider Plaintiff's new arguments, Defendant's objections to Exhibits 7 and 8 would still be sustained. Plaintiff's Exhibit 7 appears to be Plaintiff's response to a letter from Defendant notifying her Defendant was either cancelling or not renewing her policy. Plaintiff did not provide the letter from Defendant to which Exhibit 7 purportedly responds and it is not entirely clear to what correspondence Exhibit 7 purports to respond to. As to relevance, Plaintiff argues Defendant's letter is relevant; therefore, Plaintiff's

3

response is also relevant. Specifically, Plaintiff contends Defendant's letter "is relevant to the extent of the damages which the Plaintiff's home suffered in the subject loss" and the letter "contains admissions as to the extent of the damage to Plaintiff's home." Dkt. No. 107 at 2.

Without providing the letter from Defendant, Plaintiff cannot establish her response to that letter is relevant. The Court will not speculate as to the contents of a letter which was not provided for consideration. Thus, Plaintiff has not met her burden under Rule 401. Additionally, Plaintiff still does not address—now for the third time—Defendant's argument that Exhibit 7 should be excluded under Federal Rule of Evidence 403. The probative value of Exhibit 7 is substantially outweighed by a danger of confusing the issues and misleading the jury. Accordingly, Plaintiff has failed to demonstrate the Magistrate Judge's rulings under Rules 401 or 403 are clearly erroneous or contrary to law.

Accordingly, Plaintiff's Appeal of the Magistrate Judge's April 27, 2021 Order, dkt. nos. 106, 107, is **OVERRULED**, and the Magistrate Judge's Order remains the Order of the Court. Dkt. No. 99.

**SO ORDERED**, this  3rd  day of May, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5